UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Arthur J. Doiron

    v.                              Civil No. 16-cv-326-PB

Capt. FNU Edmark et al.

**REPORT AND RECOMMENDATION**

Plaintiff Arthur J. Doiron has filed complaint addenda (Doc. Nos. 39, 40), seeking to add claims and defendants to this action. The complaint addenda are before the court for preliminary review, pursuant to LR 4.3(d)(1).[1]

**Background**

The claims presently pending in this case arise out of a June 17, 2016 incident in which, Doiron alleges, defendant corrections officers ("COs") Glenn Nimorowski and Jason Caruso used excessive force against Doiron, and were negligent, by leaving him, tightly handcuffed, in his cell, and that CO Robert LeMay failed to protect Doiron, and was negligent, by refusing to remove the handcuffs. In the complaint addenda (Doc. Nos. 39, 40) Doiron now seeks to add the following additional claims

---

[1] In conducting this preliminary review, the court applies the same standard set forth in the October 26, 2016 Report and Recommendation (Doc. No. 5) issued in this case.

and defendants to this action:

- "CO John Doe," whose identity is not known, violated Doiron's Eighth Amendment right to be protected from harm while incarcerated, and is liable to Doiron for the tort of negligence, in that on June 17, 2016, while Doiron was in his cell, handcuffed, CO John Doe refused Doiron's request to contact a supervising officer so that Doiron could report that he had been left in his cell in handcuffs;

- New Hampshire State Prison ("NHSP") Warden Michael Zenk violated Doiron's Eighth Amendment right to be protected from harm while incarcerated, and is liable to Doiron for the tort of negligence, in that Zenk: (1) denied Doiron's June 23, 2016 grievance, in which Doiron (a) grieved being left in his cell in handcuffs on June 17, 2016, expressed concern that he would be subjected to retaliation for filing a grievance about the June 17, 2016 incident, and sought to be moved to another housing unit; and, (2) by not granting the grievance's request that Doiron be moved, effectively allowed Doiron to be left in his cell in handcuffs on July 14, 2016 by Cpl. Turcotte, whose first name is unknown, in retaliation for Doiron's filing of a grievance about the June 17, 2016 incident; and

- Cpl. Turcotte, a supervising officer on Doiron's housing unit, violated Doiron's Eighth Amendment right not to be subjected to excessive force, is liable to Doiron for the tort of negligence, and violated Doiron's First Amendment right to petition the government for a redress of grievances, in that Turcotte left Doiron in his cell in handcuffs on July 14, 2016, in retaliation for Doiron filing a grievance about the June 17, 2016 incident.

## Discussion

### I. CO John Doe

Doiron has asserted sufficient facts to state an Eighth Amendment failure to protect claim and a negligence claim against CO John Doe upon which relief might be granted.

2

Although Doiron has not named the John Doe officer, he has indicated that he may be able to do so after discovery is conducted in this case.  Significant discovery in this case, concerning the claims and defendants initially allowed to proceed in this matter, has already occurred.  Accordingly, the court, in an Order issued simultaneously with this Report and Recommendation, directs Doiron to identify CO John Doe by name. If Doiron is not able to identify CO John Doe at this time, he must so notify the court, stating what discovery materials he needs to determine CO John Doe's identity.

## II.  Warden Michael Zenk

### A.  Denial of Grievance

A prisoner does not have a right to have an administrative grievance granted.  Further, a prisoner does not have a right to a particular housing placement.  To the extent Doiron seeks to assert a claim based on the contents of Zenk's denial of Doiron's grievance, or Zenk's refusal to move Doiron, therefore, the district judge should dismiss the claim.

### B.  Failure to Protect

Doiron asserts that in his June 23, 2016 grievance, he advised Zenk of his general concern that he would be subject to retaliation for grieving the June 17, 2016 incident.

> [A] prison official violates an inmate's Eighth Amendment right against cruel and unusual punishment "based on a failure to prevent harm" to the inmate only under two

3

> circumstances: "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm," and the prison official must have acted, or failed to act, with "deliberate indifference to inmate health or safety."

Lakin v. Barnhart, 758 F.3d 66, 70 (1st Cir. 2014) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1st Cir. 1994)).

Assuming, without deciding, that Doiron could demonstrate that he was subjected to a significant risk of serious harm when Turcotte left him in his cell in handcuffs, Doiron cannot demonstrate that Zenk was deliberately indifferent to such a risk. Doiron does not indicate that he told Zenk that any specific threat was made, that he was concerned about retaliation from any particular individual, or that his concern arose from anything other than a generalized or speculative fear of retaliation. Without facts showing that Zenk had notice of a specific reason to believe that Doiron was at a risk of serious harm, Doiron has failed to demonstrate that Zenk was actually aware of such a risk, much less that he was deliberately indifferent thereto. Accordingly, the district judge should dismiss Doiron's failure to protect claim asserted against Zenk.

III. Cpl. Turcotte

A.   Excessive Force

Doiron asserts that on July 14, 2016, Cpl. Turcotte used excessive force upon him when Turcotte escorted Doiron to his cell, and left him in the cell in handcuffs.  The Eighth Amendment protects a prisoner from excessive force that amounts to cruel and unusual punishment.  See Skinner v. Cunningham, 430 F.3d 483, 488 (1st Cir. 2005).  In determining whether a plaintiff has established a claim for excessive force, the "core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 7 (1992).  Relevant factors include: (1) the need for the use of force, (2) the relationship between the need and the amount of force applied, (3) the extent of injury inflicted, (4) the "threat 'reasonably perceived by the responsible officials,'" and (5) "'any efforts made to temper the severity of a forceful response.'"  Id. (citing Whitley v. Albers, 475 U.S. 312, 321 (1986)).

Here, Doiron has not described circumstances surrounding Turcotte's alleged use of excessive force demonstrating that his actions were an excessive reaction to the circumstances as Turcotte perceived them to be at that time.  Further, nothing in Doiron's allegations indicates that Turcotte acted with malice or a sadistic intent to cause Doiron harm.  Accordingly, Doiron

5

has failed to state sufficient facts to assert an excessive force claim against Turcotte upon which relief might be granted, and the district judge should dismiss that claim from this action.

    B.    <u>Retaliation</u>

Doiron has stated sufficient facts to demonstrate that Turcotte's July 14, 2016 act of leaving Doiron in his cell with handcuffs, while not an exertion of excessive force, was a non-de minimis adverse act which occurred after Doiron exercised his First Amendment right to file an administrative grievance. While Doiron has not asserted facts directly demonstrating a causal nexus between retaliatory intent and the adverse act alleged, his allegations concerning the timing and chronology of events are sufficient to demonstrate causation for the purposes of stating a retaliation claim upon which relief might be granted.  <u>See</u> <u>Hannon v. Beard</u>, 645 F.3d 45, 49 (1st Cir. 2011) ("In some instances, circumstantial evidence (say, the temporal proximity between a protected act and an adverse action, falsification of institutional records, or deviation from standard operating procedures) may suffice" to establish causation.).  Doiron has stated sufficient facts to assert a retaliation claim against Turcotte and, in an Order issued simultaneously with this Report and Recommendation, the court directs service of that claim upon Turcotte.

## Conclusion

For the foregoing reasons, the court recommends that the district judge dismiss from Doiron's complaint addenda (Doc. Nos. 39, 40), all of the claims asserted against Warden Michael Zenk, and the excessive force asserted against Cpl. Turcotte. The court also recommends that the district judge drop Zenk from this action.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

March 2, 2018

cc:  Arthur Doiron, pro se
     Scott Edward Sakowski, Esq.
     Lynmarie C. Cusack, Esq.